# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-1486V

| | | |
|---|---|---|
| YVONNE SEWELL, | * | Chief Special Master Corcoran |
| Petitioner, | * | |
| v. | * | Filed: July 12, 2023 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Andrew Donald Downing*, Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner.

*Sarah Black Rifkin*, U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION GRANTING IN PART MOTION FOR ATTORNEY'S FEES AND COSTS**[1]

On September 26, 2019, Yvonne Sewell filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of her September 28, 2016, receipt of the influenza vaccine. The parties successfully settled the claim, and I issued a decision awarding Petitioner compensation. *See* Decision, dated July 6, 2023. ECF No. 50 (the "Decision").

Petitioner has now filed a motion for a final award of attorney's fees and costs—her only such request in the case's life. Motion, dated July 11, 2023 (ECF No. 52). Petitioner seeks an

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

award of $41,994.78 in attorney's fees and costs ($32,337.50 in fees for the law firm of Downing, Allison & Jorgenson; $5,354.15 in fees to Faraci Lange Firm; and $4,303.13 in litigation costs) for the work of attorneys Matthew Belanger, Andrew Downing, Ann Allison, and Courtney Jorgenson (formerly Courtney Van Cott), plus paralegals, performed from July 2019 to the present date. ECF No. 52 at 5–8. Respondent reacted to the fees request on July 12, 2023. *See* Response, July 12, 2023 (ECF No. 53). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's Motion, awarding fees and costs in the total amount of **$41,738.78**.

## ANALYSIS

I.  **Attorney's Fees**

Because Petitioner's claim was successful, the Act entitles her to an award of attorney's fees. Section 15(e). Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

|  | 2016 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|---|---|
| **Matthew F. Belanger** | $350 | $350 | $350 | -- | -- | -- | -- |
| **Belanger Paralegal** | $100 | -- | $100 | -- | -- | -- | -- |
| **Andrew D. Downing** | -- | -- | $385 | $385 | $385 | $415 / $445 | $445 |
| **Courtney Jorgenson** | -- | -- | -- | -- | $275 | $325 / $345 | $345 |
| **Ann Allison** | -- | -- | -- | -- | -- | $415 | $415 |
| **Downing Paralegals** | -- | -- | $135 | $135 | $135 | $155 | $155 |

ECF No. 52 at 10–34, 49–52, 71–72.

    Mr. Downing, Ms. Jorgenson, and Ms. Allison practice in Phoenix, Arizona—a jurisdiction that has been deemed "in forum," and thus entitling them to rates commensurate with what was established in *McCulloch*. *See Rich v. Sec'y of Health & Hum. Servs.*, No. 12-742V, 2017 WL 1435879 (Fed. Cl. Spec. Mstr. Mar. 28, 2017). The requested rates for Mr. Downing and Ms. Jorgenson in 2019-21 and 2023 are also consistent with what has previously been awarded for their time, in accordance with the Office of Special Masters' fee schedule.[3] *Chambers v. Sec'y of Health & Hum. Servs.*, No. 19-140V, 2022 WL 17829723, at *3 (Fed. Cl. Spec. Mstr. Nov. 22, 2022). This is also true for the requested rates for Mr. Belanger and his paralegal, who performed work on the matter at the Faraci Lange Firm. *Hecht v. Sec'y of Health & Hum. Servs.*, No. 19-387V, 2021 WL 3399819, at *2 (Fed. Cl. Spec. Mstr. June 29, 2021). And I find no reason to reduce any time billed to the matter, as reflected in the filed invoices.

    It appears, however, that the requested 2022 rates are inconsistent with what has previously been awarded to Mr. Downing and Ms. Jorgenson. *See Einweck v. Sec'y of Health & Hum. Servs.*, No. 20-559V, 2022 WL 3011016 (Fed. Cl. Spec. Mstr. June 24, 2022); *Thoma v. Sec'y of Health & Hum. Servs.*, No. 19-1848V, 2022 WL 3573421 (Fed. Cl. Spec. Mstr. July 14, 2022) (awarding rates of $415.00 and $325.00 for time billed in 2022). Instead, the requested rates envision a mid-year increase, ranging between $20.00 to $30.00 for both attorneys. Although the size of the

---

[3] OSM Attorneys' Forum Hourly Rate Fee Scheduling, https://www.uscfc.uscourts.gov/node/2914 (last visited July 12, 2023).

proposed increase is not *per se* objectionable, it is not the practice of the OSM to afford mid-year rate increases to attorneys under any circumstances.

Accordingly, I will compensate Mr. Downing and Ms. Jorgenson for time devoted to the matter in 2022 at rates of $415.00 and $325.00, respectively. This results in a reduction of $256—meaning that Petitioner will receive a total of $37,435.65 in attorney's fees ($32,081.50 awarded to Downing, Allison & Jorgenson, and $5,354.15 awarded to Faraci Lange Firm).

**III.   Calculation of Costs**

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $4,303.13 in outstanding costs, including the cost of medical record retrieval, postal service usage, and costs associated with expert Jerome G. Pointek, M.D. ECF No. 52 at 35–36, 54–58. Dr. Pointek received a retainer of $2,000.00 and submitted an invoice for an overall balance after retainer of $1,700.00 (at an hourly rate of $400.00 for 9.15 hours of work).

The total amount for the services of this expert was wholly reasonable for the work performed, and I do not find any reason to make any reductions. In addition, all other incurred litigation costs were reasonable. Thus, they shall also be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs, and award a total of **$41,738.78**, reflecting $32,081.50 in attorney's fees and $4,303.13 in costs, in the form of a check made jointly payable to Petitioner and her attorney, Mr. Andrew Downing; and $5,354.15 in attorney's fees in the form of a check made jointly payable to Petitioner and her previous counsel Mr. Matthew Belanger

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.